# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**ROBBIE EMERY BURKE, as Special** )
**Administrator of the ESTATE OF** )
**DOMINIC F. ROLLICE, Deceased.** )
                                                    Plaintiff, )
)
v. )   Case No. CIV-18-257-RAW
)
**CITY OF TAHLEQUAH, OKLAHOMA,** )
**BRANDON VICK, and** )
**JOSH GIRDNER,** )
)
                                                 Defendants. )

## **ORDER**

Before the court is the motion of the defendant City of Tahlequah for summary judgment. On August 12, 2016, defendants Vick and Girdner (officers with the Tahlequah Police Department) shot and killed Dominic Rollice in Rollice's garage. As to the City, plaintiff alleges municipal liability pursuant to 42 U.S.C. §1983 for policies or customs which caused the alleged constitutional violation.

In a companion order, this court ruled that the officers committed no constitutional violation. "We will not hold a municipality liable for constitutional violations when there was no underlying constitutional violation by any of its officers." *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1317-18 (10th Cir.2002). Likewise, without a constitutional violation, the claim of failure to train and supervise fails. *Graves v. Thomas,* 450 F.3d 1215, 1218 (10th Cir.2006). Summary judgment is appropriate on this basis.

In the interest of thoroughness, however, the court will address the merits, assuming

*arguendo* a constitutional violation by the officers has been made out. "A municipality may not be held liable under §1983 solely because its employees inflicted injury on the plaintiff." *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010). Rather, to hold a municipality liable for the actions of its employees, the plaintiff must show that the municipality held a policy or custom that caused the plaintiff's injuries. *Lynch v. Bd. of County Commissioners of Muskogee County,* 2019 WL 4233382, *7 (10th Cir.2019).

Inadequate training can amount to a municipal "policy," but it is not enough for a plaintiff to show "general deficiencies" in training. *Id. (*citation omitted). The deficiencies in training must have been so gross or so pervasive that they can "justifiably be said to represent city policy." *Id. (*citation omitted). In other words, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under §1983. *Id.* (citation omitted). Considering this demanding standard, it is unsurprising that the Supreme Court has stated that municipal liability is "most tenuous where a claim turns on failure to train." *Id.* (citing *Connick v. Thompson,* 563 U.S. 51, 61 (2011)).

Still, a municipality can be held liable under §1983 "for constitutional violations resulting from its failure to train municipal employees." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). Where "inadequate training demonstrates a deliberate indifference on the part of the city toward persons with whom the police officers come into contact," a municipality may be liable for violation of an individual's constitutional rights. *Carr v. Castle,* 337 F.3d 1221, 1228 (10th Cir.2003). "[D]eliberate indifference may be found absent

a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations." *Id.* at 1229.

In other words, the Tenth Circuit holds that a "showing of specific incidents which establish a pattern of constitutional violations is not necessary to put the City on notice that its training program is inadequate. Rather, evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, is sufficient to trigger municipal liability." *Allen v. City of Muskogee,* 119 F.3d 837, 842 (10th Cir.1997). "[A] single incident of excessive force can establish the existence of an inadequate training program if there is some other evidence of the program's inadequacy." *Brown v. Gray,* 227 F.3d 1278, 1286 (10th Cir.2000).

In the case at bar, the "other evidence" plaintiff has presented focuses on the training received by Vick and Girdner, the officers who were themselves involved in the single incident being litigated. Assuming such a presentation might be adequate in certain circumstances, the court finds it is not adequate in the case at bar. The court agrees with the City that "[s]imply not being able to 'recall' exact definitions or failing to adequately 'articulate' during their testimony is not additional evidence of a failure to train." (#64 at 6).

The court is not persuaded plaintiff's expert report is sufficient on this question either. Such a report, essentially opining that "well-trained officers would have performed

3

differently under pressure does not rise to the legal standard of deliberate indifference on the part of the City." *Carr v. Castle,* 337 F.3d 1221, 1230 (10th Cir.2003). There must be evidence "placing the City on actual or constructive notice that the asserted failures to train were substantially certain to result in a constitutional violation." *Id.*[1]

It is the order of the court that the motion of defendant City of Tahlequah for summary judgment (#48) is hereby granted.

**IT IS SO ORDERED** this 25th day of SEPTEMBER, 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[1] The court granted plaintiff leave to file a surreply (#66) but plaintiff did not do so. The proposed subject (#65) of the surreply was to rebut the affidavit of Nate King (#64-1). This court did not place reliance on King's affidavit in its ruling.